United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 20-24216-Civ-Scola |
| Michael Brian Cotter and others, | ) |
| Defendant. | ) |

### Default Final Judgment And Permanent Injunction

This cause is before the Court on upon Plaintiff United States of America's Motion for Default Final Judgment, ECF No. 33 (the "Motion") pursuant to Federal Rules of Civil Procedure 55(b) and 65, and 18 U.S.C. § 1345 and against Defendant Kevisoft UK Ltd. ("Kevisoft UK"), based on Kevisoft UK's violations of the federal wire fraud statute, 18 U.S.C. § 1343. The Court has carefully considered the Motion, the record in this case, and the applicable law, and is otherwise fully advised. Accordingly, it is **ordered and adjudged** that:

### Findings Of Fact And Conclusions Of Law

The Court, having considered the Complaint and supporting declarations, the Motion for Entry of Default Judgment and Permanent Injunction, the Clerk of Court's entry of default, and being otherwise advised, finds that:

1. This Court has jurisdiction over this action under 18 U.S.C. § 1345 and 28 U.S.C. §§ 1331 and 1345.
2. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c).
3. The Complaint states a claim upon which relief may be granted against Kevisoft UK under 18 U.S.C. § 1345.
4. Kevisoft was properly served with notice of this lawsuit by personal service on the company's registered office in the United Kingdom.
5. Kevisoft UK has failed to answer or otherwise defend this action.
6. The Clerk of Court properly entered default against Kevisoft UK on December 4, 2020, ECF No. 31.
7. Because Defendant has defaulted, all well-pleaded allegations in the Complaint are taken as true. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015). The Court finds that the Complaint's allegations are well pleaded.
8. Defendants' scheme has been ongoing since 2011 and victimizes consumers across the United States, including many elderly victims. As part of the scheme, telemarketers at call centers in India utilize false claims to induce

consumers in the United States to pay money for unnecessary technical support services and software. Defendants' scheme also uses threatening pop-up messages on Internet browsers on consumers' computers; these messages purport to be security alerts from well-known technology companies, and consumers who click on this pop-up messages are ultimately directed to call phone numbers used by Defendants in order to resolve the purported security issues. Once the scheme's telemarketers have consumers on the phone, they direct consumers to allow "remote access" to the consumers' computers, and falsely claim that the consumers' computers face imminent security threats and that only immediate action will resolve the problems. The telemarketers then assure consumers that they can resolve these immediate security threats by purchasing technical support services and software. To collect payments, the call center representative who is remotely connected to a consumer's computer directs the consumer to one of Defendants' websites, including the website domains listed on Attachment A to the Complaint, to make payments via credit card. Defendant Kevisoft UK was incorporated in the United Kingdom in 2018 as part of the scheme alleged in the Complaint, for purposes of establishing bank accounts and relationships with financial institutions, to facilitate the collection of payments for technical support services and software.

9. The Court finds that absent a permanent injunction, Kevisoft UK is likely to continue its fraudulent scheme.

10. In a case involving statutory enforcement under a statute that authorizes injunctive relief, "no specific finding of irreparable harm is necessary, no showing of the inadequacy of other remedies at law is necessary, and no balancing of the interests of the parties is required" in order for the Court to issue a permanent injunction. *See United States v. Livdahl*, 356 F. Supp. 2d 1289, 1290–91 (S.D. Fla. 2005).

11. Accordingly, a permanent injunction constraining Kevisoft UK's future activities and ensuring it cannot continue facilitating the fraud scheme is warranted.

12. This Court has the authority to issue this Default Final Judgment and Permanent Injunction pursuant to 18 U.S.C. § 1345 and Federal Rules of Civil Procedure 55(b) and 65.

## Order
## Prohibited Activities

**It is hereby ordered** that the United States' Motion for Default Final Judgment and Permanent Injunction against Defendant Kevisoft UK Ltd. is **granted**. (**ECF No. 33**.)

**It is further ordered**, that for purposes of this Order:

    a. "Technical support service" refers to any purported technical or security support for a computer, mobile device, or computer or mobile device-related equipment.

    b. "Technical support software" refers to any software that purports to provide technical support or security, including but not limited to protection from viruses or malware, for any computer, mobile device, or computer or mobile device related equipment.

**It is further ordered** that Defendant Kevisoft UK Ltd. its agents, officers, and employees, and all other persons and entities in active concert or participation with them are restrained from the following:

    a. committing wire fraud, as defined by 18 U.S.C. § 1343;

    b. impersonating any other technology company;

    c. offering for sale via telemarketing or website any technical support service or technical support software;

    d. accepting consumer payments relating to any technical support service or technical support software;

    e. causing pop-up advertisements to appear on any computer or other electronic device;

    f. maintaining or doing business through the use of the website domains listed in Attachment A; and

    g. destroying business records related to Kevisoft UK's business, financial, or accounting operations or the business, financial, or accounting operations of Defendants Michael Brian Cotter, Global Digital Concierge Pte. Ltd, NE Labs Inc., Sensei Ventures Inc., or Kevisoft LLC.

**Done and ordered** in Miami, Florida, on January 5, 2021.

Robert N. Scola, Jr.
United States District Judge

# Attachment A

### Internet Domains by Which Defendants are Doing Business

premiumtechiesupport.com
techliveconnect.com
saburitlc.com
assistmysoftware.com
gdconcierge.com
globaldigitalconcierge.com
helpforsoftware.com
helpmysoftware.com
myservicepeople.com
mysupportpeople.com
pcsupportninja.com
senseiware.com
softwarebesthelp.com
softwarehelponline.com
softwarehotshot.com
softwaremerchanthelp.com
softwaresellerhelp.com
softwaretruehelp.com
supportforsoftware.com